LOCAL 502-M, NATIONAL UNION OF POLICE OFFICERS, AFL-CIO v WAYNE COUNTY SHERIFF

CONSTITUTIONAL LAW—PRIVILEGE AGAINST SELF-INCRIMINATION—PUBLIC EMPLOYEES—DISMISSAL FROM EMPLOYMENT.

A public employee who, at a hearing relating to that employee's duties, refuses to answer questions specifically, directly and narrowly relating to the performance of his or her official duties, without being required to waive immunity from criminal prosecution based upon his or her answers, may not utilize the constitutional privilege against self-incrimination to bar his or her dismissal from employment for refusal to answer.

Appeal from Wayne, Joseph G. Rashid, J. Submitted October 5, 1977, at Detroit. (Docket No. 30014.) Decided November 8, 1977.

Complaint by Local 502-M, National Union of Police Officers, AFL-CIO, and by Arthur Kelly and Michael Jennings against William Lucas, Wayne County Sheriff, and Inspector Jordan Booth of the Wayne County Sheriff's Department for an injunction to prevent the defendants from conducting a trial board hearing relating to the refusal of the plaintiff officers to answer a question at a previous trial board hearing. Injunction denied. Plaintiffs appeal by leave granted. Affirmed.

*Jenkins, Fortescue, Miller & Nystrom, P. C.* (by *Stephen J. Hitchcock),* for plaintiffs.

*Adam P. Angelas,* for defendants.

REFERENCE FOR POINTS IN HEADNOTE
63 Am Jur 2d, Public Officers and Employees § 197.

Before: D. F. Walsh, P. J., and V. J. Brennan and Beasley, JJ.

D. F. Walsh, P. J. Plaintiffs sought an injunction to restrain the police trial board from conducting a hearing relating to the plaintiffs' refusal to obey an order to answer a question at a previous trial board hearing. The trial court denied the injunction and plaintiffs appeal by leave granted.

The facts are stipulated. On April 6, 1976, a trial board was convened to investigate allegations that Officers Kelly and Jennings negligently permitted the escape of two prisoners from Wayne County jail. During that hearing Officer Jennings gave the following response to a question regarding the escape.

"Q. Officer Jennings, directing your attention to February 1, 1976, at about nine o'clock on that date, do you have that date in mind?

"A. Yes.

"Q. Did anything unusual occur on that date?

"A. I refuse to answer on the grounds said answer may tend to incriminate me and cause me to lose my appointment as a Deputy Sheriff in the Wayne County Sheriff's Department, and may cause me to lose my position as a police officer in the Wayne County Sheriff's Department."

Officer Kelly gave an identical response to a similar inquiry. Both officers repeated that response when a superior officer ordered them to answer the question.

The issue before us is whether the constitutional privilege against self-incrimination prohibits the dismissal of a public employee who asserts that privilege in refusing to answer questions specifi-

cally, directly and narrowly related to the performance of his or her official duties.

Our resolution of the issue has its foundation in two decisions of the United States Supreme Court. The first is *Garrity v New Jersey,* 385 US 493; 87 S Ct 616; 17 L Ed 2d 562 (1967), the second is *Gardner v Broderick,* 392 US 273; 88 S Ct 1913; 20 L Ed 2d 1082 (1968).

In *Garrity* the Court held that self-incriminatory statements procured under the threat of discharge could not be used in subsequent criminal proceedings against the declarants. In *Gardner* the Court reversed the dismissal of a policeman for exercising his Fifth Amendment privilege because the dismissal was based *solely* on the officer's refusal to waive the immunity to which he would have been entitled under *Garrity.* However, the Court made the following statement:

"If appellant, a policeman, had refused to answer questions specifically, directly, and narrowly relating to the performance of his official duties, without being required to waive his immunity with respect to the use of his answers or the fruits thereof in a criminal prosecution of himself, *Garrity v State of New Jersey, supra,* the privilege against self-incrimination would not have been a bar to his dismissal." (Footnotes omitted.) (Emphasis added.) *Gardner v Broderick, supra,* at 278.

See also *Uniformed Sanitation Men Association, Inc v Commissioner of Sanitation of the City of New York,* 392 US 280; 88 S Ct 1917; 20 L Ed 2d 1089 (1968).

In light of the foregoing, therefore, we now hold that if a public employee refuses to answer questions specifically, directly, and narrowly relating to the performance of his or her official duties, without being required to waive the protection afforded

by *Garrity v New Jersey, supra,* the privilege against self-incrimination does not bar his or her dismissal. *Seattle Police Officers Guild v City of Seattle,* 80 Wash 2d 307; 494 P2d 485 (1972), *Silverio v Municipal Court of the City of Boston,* 355 Mass 623; 247 NE2d 379 (1969), *cert den* 396 US 878; 90 S Ct 151; 24 L Ed 2d 135 (1969).

Our review of the record before us persuades us that the questions plaintiffs refused to answer related specifically, directly and narrowly to the performance of their official duties. The trial court did not abuse its discretion in refusing to issue an injunction.

Affirmed. No costs, a public question.